[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Earl Hickman appeals his conviction for robbery in violation of R.C. 2311.02(A)(2) following a jury trial. In his appeal, he raises the following four assignments of error: (1) the trial court erred by allowing him to be tried in his jailhouse uniform without providing a curative instruction; (2) he was not afforded effective assistance of counsel; (3) he was prejudiced by improper comments made by the assistant prosecutor in closing argument; and (4) his conviction was against the weight of the evidence.
 {¶ 3} Hickman accosted sixteen-year-old Brandon Johnson while Johnson was walking to school. After pulling his sleeve, Hickman told Johnson that he had a gun and demanded that Johnson follow him into an alley. Hickman requested money. When Johnson said that he had none, Hickman became angry and patted Johnson down and looked in his book bag. In order to escape, Johnson promised Hickman that he would get some money and return to a nearby corner after school was over. Hickman threatened Johnson with comments that he knew people who were capable of killing. Johnson arrived at school, where he called his mother and told her what had happened. His mother requested a teacher call the police. Johnson provided a description of Hickman and Cincinnati Police Officer George Jason found Hickman in the same area where he had accosted Johnson. Johnson identified Hickman as the perpetrator.
 {¶ 4} In his first assignment of error, Hickman asserts that because he was dressed in his jailhouse uniform, the trial court was required to give a curative instruction that the uniform did not imply guilt. We have addressed this argument in State v. Miller[1] in which we concluded that the failure to provide a curative instruction was not plain error where the record fails to demonstrate that (1) the accused was compelled to wear jailhouse clothing and (2) the decision to remain in jailhouse clothing during trial was not a tactical decision. In this case, the record fails to demonstrate why Hickman was dressed in his jailhouse clothing. Without more, we cannot conclude that the trial court erred. We, therefore, overrule his first assignment of error.
 {¶ 5} In his second assignment of error, Hickman argues that he was denied the effective assistance of counsel. To prevail on this claim, Hickman "must show that [his] counsel's representation fell below an objective standard of reasonableness"[2] and that he was prejudiced by counsel's deficient performance.[3] Prejudice is demonstrated by a showing "that there is a reasonable probability that, but for * * * [the] errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[4] Both prongs must be met to demonstrate ineffective assistance of counsel.[5] Moreover, "it is presumed that a properly licensed attorney is competent, and ineffective assistance cannot be based on debatable tactical decisions * * *."[6]
 {¶ 6} Hickman claims that he was denied effective assistance of counsel because his counsel had indicated during voir dire that he had committed other crimes; he had failed to object to Hickman's wearing jailhouse clothing; and he had failed to object to the state's allegedly improper comments during closing argument. At the time that defense counsel had referred to Hickman's criminal record, he had also indicated that Hickman was a potential witness. Thus, his comment could be viewed as a defense tactic. Furthermore whether to wear jailhouse clothing may be a defense tactic used to elicit sympathy.[7] As to the failure to object to the closing argument, we conclude below that the comments did not prejudice Hickman. Therefore, Hickman's counsel's failure to object was not erroneous. As a result, we overrule his second assignment of error.
 {¶ 7} In his third assignment of error, Hickman claims prosecutorial misconduct. Specifically, he alleges that three statements made by the assistant prosecutor during closing argument denigrated defense counsel. In one statement the assistant prosecutor stated that defense counsel's job was not to make a state's witness seem credible, but to put the witness "through the wringer." In another statement, the assistant prosecutor stated that he disagreed with the defendant's theory, and in the third statement, the assistant prosecutor said that he took exception to the defense counsel's statement that Johnson had said that there was a gun. Hickman also challenges the assistant prosecutor's comments that the state's witness was an "honest man" and that he had told the truth.
 {¶ 8} In State v. Carusone, this court explained that "[t]he test for prosecutorial misconduct is whether the prosecutor's remarks were improper, and if so, whether they prejudicially affected the defendant's substantial rights. [Citations deleted.] Considerable latitude is generally afforded to the prosecutor in presenting closing arguments. [Citations deleted.] The prosecutor's closing argument must be reviewed in its entirety to determine if any remarks were prejudicial. [Citations deleted.]"[8] Because Hickman did not object to the remarks, we must review the alleged misconduct for plain error. Thus, we must be convinced that Hickman "would not have been convicted but for the alleged misconduct" in order to reverse his conviction.[9]
 {¶ 9} We have reviewed the state's entire closing argument, including the contested statements. We do not find the statements that Hickman challenges to be denigrating to defense counsel. They merely reflect the process of cross-examination of the evidence adduced at trial, although somewhat inartfully. But, we do find improper the comments concerning the honesty of the victim and the police officer and the dishonesty of Hickman. "An attorney should not express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused * * *."[10] But, while the assistant prosecutor's comments were improper and constituted misconduct, we conclude that the remarks were neither prejudicial nor constituted plain error. Consequently, we overrule Hickman's third assignment of error.
 {¶ 10} In his fourth assignment of error, Hickman claims that his conviction was against the manifest weight of the evidence because Johnson's testimony was suspect and incredible. When addressing a weight-of-the-evidence challenge, we must review the entire record, weigh the evidence and all inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[11] We must "disagree with the factfinder's resolution of the conflicting [evidence]" before we can reverse.[12] Further, a jury is free to believe all part, or none of a witness's testimony.[13] We have reviewed the entire record with the applicable standard in mind and conclude that Hickman's conviction was not against the manifest weight of the evidence. We, therefore, overrule Hickman's fourth assignment of error and affirm the judgment of the trial court.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] 1st Dist. No. C-010543, 2002-Ohio-3296, ¶¶ 9-12.
[2] See Strickland v. Washington (1984), 466 U.S. 668, 688,104 S.Ct. 2052.
[3] See id. at 687.
[4] See id. at 694.
[5] See id. at 697.
[6] State v. Bond, 1st Dist. No. C-990195.
[7] See Estelle v. Williams (1976), 425 U.S. 501, 96 S.Ct. 1691.
[8] 1st Dist. No. C-010681, 2003-Ohio-1018, ¶ 40.
[9] State v. Murrell, 1st Dist. No. C-020333, 2003-Ohio-2068, ¶ 21.
[10] State v. Royce (June 3, 1993), 8th Dist. No. 61897.
[11] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[12] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[13] State v. Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.